O
JS-6

# United States District Court
# Central District of California

| | |
|---|---|
| GRISELDA NAVA, individually and as successor and heir of FLORENTINA LOPEZ, deceased,<br><br>    Plaintiff,<br><br>    v.<br><br>PARKWEST REHABILITATION CENTER LLC, a California corporation, et al.,<br><br>    Defendants. | Case № 2:20-cv-07571-ODW (AFMx)<br><br>**ORDER GRANTING PLAINTIFF'S MOTION TO REMAND [12]; DENYING DEFENDANTS' EX PARTE APPLICATIONS [26, 28]; and DENYING DEFENDANTS' MOTION TO COMPEL ARBITRATION [20]** |

## I.   INTRODUCTION

Plaintiff Griselda Nava's mother died of the COVID-19 virus while a resident of a nursing home owned by Defendants Parkwest Rehabilitation Center, LLC, Renew Health Group, LLC, and Crystal Solorzano. Nava filed this wrongful death action in the Los Angeles Superior Court, and Defendants removed it here. Nava moves to remand. (Mot. to Remand ("Motion" or "Mot."), ECF No. 12.) As discussed below, the Court finds subject matter jurisdiction lacking and therefore **GRANTS** Nava's Motion.[1]

---

[1] Having carefully considered the papers filed in connection with the Motion, the Court deemed the matter appropriate for decision without oral argument. Fed. R. Civ. P. 78; C.D. Cal. L.R. 7-15. Defendants' request for a hearing is denied. (*See* Opp'n 24, ECF No. 17.)

## II. BACKGROUND

Defendants own or operate the Parkwest Healthcare Center nursing home where Nava's mother, Florentina Lopez, lived for seven years until her death on or about May 19, 2020. (Notice of Removal ("NOR") Ex. A ("First Am. Compl.") ¶¶ 3–9, ECF No. 3-8.) Nava alleges that despite being aware of the serious risks COVID-19 posed, Defendants failed to maintain sufficient staffing levels, failed to implement any safety measures including COVID-19 testing, and failed to provide their employees— even employees they knew to be COVID-19-positive—with any personal protective equipment ("PPE") as late as May 2020. (*See id.* ¶¶ 17, 30–31.) Nava alleges these failings caused her mother's death. (*Id.* ¶¶ 29–31, 57.) She asserts state law causes of action against Defendants for elder abuse, willful misconduct, custodial negligence, and wrongful death. (*Id.* ¶¶ 32–57.)

## III. LEGAL STANDARD

Federal courts have subject matter jurisdiction only as authorized by the Constitution and Congress. U.S. Const. art. III, § 2, cl. 1; *see also Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). There is a strong presumption against removal jurisdiction, and the removing party has the burden of establishing the propriety of removal. *Hunter v. Philip Morris USA*, 582 F.3d 1039, 1042 (9th Cir. 2009). The removal statute is strictly construed, and any doubt about the right of removal is resolved in favor of remand. *See Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992); *see also Duncan v. Stuetzle*, 76 F.3d 1480, 1485 (9th Cir. 1996) ("Because of the Congressional purpose to restrict the jurisdiction of the federal courts on removal, the statute is strictly construed, and federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." (citations and internal quotation marks omitted)).

## IV. DISCUSSION

Defendants removed the case to this Court pursuant to the federal officer removal statute, 28 U.S.C. § 1442, and federal question jurisdiction, 28 U.S.C. § 1331.

(NOR ¶ 6; Opp'n 1–2.)  Nava challenges both jurisdictional theories in moving for remand.  (*See* Mot.)

**A.   Federal Officer Jurisdiction**

Federal officer removal is available to a defendant under 28 U.S.C. § 1442(a) if "(a) [the removing party] is a person within the meaning of the statute; (b) there is a causal nexus between its actions, *taken pursuant to a federal officer's directions*, and plaintiff's claims; and (c) it can assert a colorable federal defense." *Stirling v. Minasian*, 955 F.3d 795, 800 (9th Cir. 2020) (emphasis added).  Unlike the federal question removal statute, § 1442(a)(1) is "liberally construed," although "not limitless."  *Fidelitad, Inc. v. Insitu, Inc.*, 904 F.3d 1095, 1099 (9th Cir. 2018).  Relevantly, "[a] private firm's compliance (or noncompliance) with federal laws, rules, and regulations does not by itself fall within the scope of the statutory phrase 'acting under' a federal 'official.'  And that is so even if the regulation is highly detailed and even if the private firm's activities are highly supervised and monitored."  *Watson v. Philip Morris Cos.*, 551 U.S. 142, 153 (2007).

Here, Defendants fail to establish that their alleged conduct was "pursuant to a federal officer's directions."  *See Stirling*, 955 F.3d at 800.  Defendants point to only general regulations and directives regarding the provision of medical services, and argue that, as a skilled nursing facility, they are subject to a high degree of federal regulation.  (Opp'n 18–20 (describing directives and guidance issued by the Centers for Disease Control, the Centers for Medicare and Medicaid Services, and HHS); NOR ¶¶ 27–39 (same).)  This is not enough to invoke federal officer removal.  *See Watson*, 551 U.S. at 153.  As this finding precludes federal officer jurisdiction, the Court need not reach the other elements of the statute to conclude that removal is not justified on this basis.  *Ebony Stone v. Long Beach Healthcare Ctr., LLC*, No. CV 21-326-JFW (PVCx), 2021 WL 1163572, at *8 n.6 (C.D. Cal. Mar. 26, 2021).

### B. Federal Question Jurisdiction

Next, although Nava's claims all arise under state law, Defendants nevertheless contend removal is proper under federal question jurisdiction. (*See* Opp'n 4.) To reach this conclusion, Defendants assert that (1) the Public Readiness and Emergency Preparedness Act ("PREP Act"), 42 U.S.C. §§ 247d-6d, 247d-6e, completely preempts Nava's state law claims and (2) Nava's allegations present a substantial federal question under the *Grable* doctrine. (*Id.* at 4–17.) Neither theory supports jurisdiction.

#### 1. *Complete Preemption*

Complete preemption is an exception to the well-pleaded complaint rule; that rule provides a civil action "arises under" federal law for purposes of § 1331 only "when a federal question appears on the face of the complaint." *City of Oakland v. BP PLC*, 969 F.3d 895, 904, 905 (9th Cir. 2020) (quoting *Caterpillar Inc. v. Williams*, 482 U.S. 386, 393 (1987)). Where no federal question appears on the face of a complaint, a defendant may still remove when "federal law completely preempts a plaintiff's state law claim, meaning that the pre-emptive force of the statute is so 'extraordinary' that it 'converts an ordinary state common-law complaint into one stating a federal claim.'" *Id.* at 905 (citations omitted). Complete preemption is very rare. *Id.* at 905–06 ("The Supreme Court has identified only three statutes that meet [its] criteria.").

Defendants contend the Court has federal question jurisdiction because the PREP Act completely preempts Nava's state law claims. However, the Court need not determine whether the PREP Act provides complete preemption because, "[e]ven if [it does], Defendant[s] would have to show that it applies to the . . . claims asserted in this case." *In re McCalebb v. AG Lynwood, LLC*, No. 2:20-CV-09746-SB (PVCx), 2021 WL 911951, at *5 (C.D. Cal. Mar. 1, 2021). This they cannot do.

The PREP Act provides liability immunity "with respect to all claims for loss caused by, arising out of, relating to, or resulting from the *administration to or the use*

*by* an individual of a covered countermeasure. 42 U.S.C. § 247d-6d(a)(1).[2] The HHS Secretary recently issued an amendment clarifying that "administration to" an individual can include "[p]rioritization or purposeful allocation" of a covered countermeasure, such as when supplies are limited. *See* Fourth Am. Decl., 85 Fed. Reg. at 79197. Here, however, Nava does not allege that Defendants are liable for *administering* or *using* a covered countermeasure, even as a "purposeful allocation"; rather, Nava alleges her mother's death was the result of Defendants' *inaction* or *failure* to implement *any* countermeasures. (*See* First Am. Compl. ¶ 17; Mot. 19; Reply 6–8, ECF No. 21.)

Courts in this District and beyond to have considered this precise question have concluded overwhelmingly that the PREP Act does not apply to claims based on a defendant's plain inaction or failure to protect. *See, e.g.*, *Stone*, 2021 WL 1163572, at *4 (collecting cases and concluding that such "inaction claims" do not fall within the scope of the PREP Act); *Evon Smith v. Colonial Care Ctr., Inc.*, No. 2:21-cv-00494-RGK (PDx), 2021 WL 1087284, at *4 (C.D. Cal. Mar. 19, 2021) (finding allegations of failure to implement effective protective policies did not fall within the PREP Act); *Lyons v. Cucumber Holdings, LLC*, No. CV 20-10571-JFW (JPRx), 2021 WL 364640, at *5 (C.D. Cal. Feb. 3, 2021) (finding PREP Act inapplicable where alleged harm was not causally connected to the administration or use of any covered countermeasure), *appeal filed*, No. 21-55185 (9th Cir. Mar. 3, 2021). Indeed, "there is a growing consensus among courts across the country that state-law claims of negligence and wrongful death brought against a nursing home for failure to protect against the spread of COVID-19 . . . are not properly characterized as federal-law

---

[2] On March 10, 2020, the Secretary of the Department of Health and Human Services ("HHS") issued an authorizing declaration identifying the COVID-19 pandemic as a public health emergency under the PREP Act ("March 10, 2020 Declaration"). 85 Fed. Reg. 15198-01. Subsequent amendments have clarified or modified the March 10, 2020 Declaration. *See* First Am. Decl., 85 Fed. Reg. 21012-02 (Apr. 15, 2020); Second Am. Decl., 85 Fed. Reg. 35100-01 (June 8, 2020); Third Am. Decl., 85 Fed. Reg. 52136-01 (Aug. 24, 2020); Fourth Am. Decl., 85 Fed. Reg. 79190-01 (Dec. 9, 2020); Fifth Am. Decl., 86 Fed. Reg. 7872-02 (Feb. 2, 2021); Sixth Am. Decl., 86 Fed. Reg. 9516-01 (Feb. 16, 2021); Seventh Am. Decl., 86 Fed. Reg. 1446202 (Mar. 11, 2021).

claims under the PREP Act." *Dupervil v. All. Health Operations, LCC*, No. 20-CV-4042-PKC (PKx), 2021 WL 355137, at *12 (E.D.N.Y. Feb. 2, 2021) (collecting cases), *appeal filed*, No. 21-505 (2d Cir. Mar. 3, 2021).

The Court agrees with this growing consensus and concludes that, as the gravamen of Nava's Complaint is that Defendants' failure to act caused the harms alleged, even if the PREP Act could confer federal jurisdiction via complete preemption, it would not do so here. Therefore, removal is not justified based on Defendants' theory of complete preemption.

2. *Substantial Federal Question*

Nor is removal justified based on a "substantial, embedded question of federal law." (Opp'n 4.) For a state law claim to provide federal jurisdiction under this theory, it must "necessarily raise a stated federal issue, actually disputed and substantial, which a federal forum may entertain without disturbing any congressionally approved balance of federal and state judicial responsibilities." *Grable & Sons Metal Prods., Inc. v. Darue Eng'g & Mfg.*, 545 U.S. 308, 314 (2005). "That is, federal jurisdiction over a state law claim will lie if a federal issue is: (1) necessarily raised, (2) actually disputed, (3) substantial, and (4) capable of resolution in federal court without disrupting the federal-state balance approved by Congress." *Gunn v. Minton*, 568 U.S. 251, 258 (2013).

This argument fails for the same reasons as above. Nava's claims are not premised on the PREP Act, nor do her allegations fall within its scope. Adjudicating her state law claims does not require an interpretation, or challenge the constitutional validity, of any federal statute. *See City of Oakland*, 969 F.3d at 906–07 (finding no federal jurisdiction under the "slim category" articulated in *Grable* where the claim "neither require[d] an interpretation of a federal statute nor challenge[d] a federal statute's constitutionality" (citation omitted)). Defendants' reliance on federal law as a shield to liability does not "necessarily raise" a federal issue. *See Stone*, 2021 WL 1163572, at *7 (finding PREP Act immunity was related to defendant's defense and

"not necessarily raised"). Thus, Defendants have not demonstrated that federal jurisdiction lies under *Grable*, and removal is not justified on this basis either.

## C. Remaining Matters

Finally, the Court must resolve several housekeeping matters. First, the Court denies Nava's request for $10,000 in attorneys' fees pursuant to 28 U.S.C. § 1447(c), as the Court finds Defendants did not lack an "objectively reasonable basis for seeking removal." *Martin v. Franklin Cap. Corp.*, 546 U.S. 132, 141 (2005). Even Nava's counsel recognizes that the issues presented here are "novel," and the law is still developing. (*See* Decl. of Scott C. Glovsky ISO Mot. ¶ 11, ECF No. 12-1 (noting ten hours spent researching "this novel issue").) In light of the Court's denial, Defendants' objections to the Glovsky Declaration are moot. (*See* Defs.' Objs., ECF No. 17-1.)

Next, the Court denies Defendants' ex parte applications to submit supplemental briefing regarding two HHS advisory opinions issued after motion briefing was complete. (*See* Defs.' Ex Parte Appl., ECF No. 26; Defs.' Second Ex Parte Appl., ECF No. 28.) Whether to permit or deny supplemental briefing is within the Court's discretion. *See Fusion IV Pharms., Inc. v. California*, No. CV 18-2561-PA (FFMx), 2018 WL 6118586, at *3 (C.D. Cal. Aug. 22, 2018). The Court is capable of considering the relevant advisory opinions without additional briefing from the parties, and Defendants' assertions of prejudice absent further briefing on these issues are conclusory and unsupported.

Finally, the Court denies Defendants' request for jurisdictional discovery, as it finds Nava's allegations sufficient to determine that federal jurisdiction does not lie in this Court. (Opp'n 24–25 (requesting a jurisdictional hearing "if the Court determines there is insufficient clarity of facts" to determine the question of federal jurisdiction)); *see Boschetto v. Hansing*, 539 F.3d 1011, 1020 (9th Cir. 2008) (discussing that a court has discretion to permit or deny jurisdictional discovery). A "more satisfactory showing of the facts" is not necessary. *Boschetto*, 539 F.3d at 1020.

## V. CONCLUSION

Defendants have failed to carry their burden to show removal was proper. The Court therefore **GRANTS** Nava's Motion to Remand and **DENIES** her request for fees and costs. (ECF No. 12.) The Court **DENIES** Defendants' Ex Parte Applications. (ECF Nos. 26, 28.) In light of the Court's conclusion that it lacks subject matter jurisdiction, Defendants' pending motion to compel arbitration is not for this Court to decide, and is therefore **DENIED** without prejudice. (ECF No. 20.)

The Court **REMANDS** this action to the Superior Court of California, County of Los Angeles, 111 North Hill Street, Los Angeles California, 90012, Case No. 20STCV20624. All dates and deadlines are **VACATED**. The Clerk of the Court shall close this case.

**IT IS SO ORDERED.**

April 5, 2021

_____
**OTIS D. WRIGHT, II**
**UNITED STATES DISTRICT JUDGE**